```
 1  SAMANTHA C. GRANT (SBN 198130)
       scg@msk.com
 2  KIRSTEN E. BASS (SBN 300205)
       keb@msk.com
 3  MITCHELL SILBERBERG & KNUPP LLP
    11377 West Olympic Boulevard
 4  Los Angeles, CA 90064-1683
    Telephone: (310) 312-2000
 5  Facsimile: (310) 312-3100
 6  Attorneys for Defendants
 7  WAL-MART STORES, INC. and
    SAM'S CLUB
 8
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONIER VARGAS, an individual;<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC.; SAM'S CLUB, entity form unknown; MARINA AGUILAR, an individual, and DOES 1 through 50, inclusive.<br><br>Defendants. | CASE NO. 2:16-cv-02921 AB (AJWx)<br><br>Hon. André Birotte, Jr.<br><br>**DEFENDANTS' WAL-MART STORES, INC. AND SAM'S CLUB NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date: February 27, 2017<br>Time: 10:00 a.m.<br>Location: Courtroom 7B<br><br>Trial Date: May 30, 2017<br>Case Removed: April 28, 2016<br><br>**[MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ANGELA DEO, DECLARATION OF SAMANTHA C. GRANT; SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW; AND [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH]** |

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**

**TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that, on February 27, 2017 at 10:00 a.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at 350 West First Street, Los Angeles, CA 90012, Courtroom 7B, Defendants Wal-Mart Stores, Inc. and Sam's Club (collectively "Defendant") will and hereby does move the Court for summary judgment pursuant to Federal Rule of Civil Procedure 56 on the ground that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.

In addition to Defendant's ground that there is no genuine issue as to any material fact, Defendant is entitled to judgment as a matter of law for the following separate and independent reasons:

## COUNT I:
## Disability Discrimination in Violation of FEHA

1. Summary judgment should be granted in favor of Defendant on the ground that Plaintiff cannot establish a *prima facie* case of discrimination because Plaintiff was not disabled.

2. Summary judgment should be granted in favor of Defendant on the ground that Plaintiff cannot establish a *prima facie* case of discrimination because Plaintiff was not qualified to perform the essential functions of his position.

3. Summary judgment should be granted in favor of Defendant on the ground that Plaintiff cannot establish a *prima facie* case of discrimination because Plaintiff has failed to establish that he was terminated because of a disability.

4. Summary judgment should be granted in favor of Defendant on the ground that it has articulated a legitimate, non-discriminatory reason for

1 Plaintiff's termination, and Plaintiff has no evidence that Defendant's reasons are
2 untrue or pretextual.

## COUNT II:
## Failure to Engage in a Good Faith Interactive Process in Violation of FEHA

5. Summary judgment should be granted in favor of Defendant on the ground that Plaintiff cannot establish a *prima facie* case for failure to engage in the interactive process because Plaintiff was not disabled.

6. Summary judgment should be granted in favor of Defendant on the ground that Plaintiff cannot establish a *prima facie* case for failure to engage in the interactive process because Plaintiff was not qualified to perform the essential functions of his position.

7. Summary judgment should be granted in favor of Defendant on the ground that Plaintiff cannot establish a *prima facie* case for failure to engage in the interactive process because Plaintiff did not request an accommodation.

## COUNT III:
## Failure to Accommodate in Violation of FEHA

8. Summary judgment should be granted in favor of Defendant on the ground that Plaintiff cannot establish a *prima facie* case for failure to accommodate because Plaintiff was not disabled.

9. Summary judgment should be granted in favor of Defendant on the ground that Plaintiff cannot establish a *prima facie* case for failure to accommodate because Plaintiff was not qualified to perform the essential functions of his position.

10. Summary judgment should be granted in favor of Defendant on the ground that Plaintiff was afforded his leave rights under the FMLA.

11. Summary judgment should be granted in favor of Defendant on the ground that Plaintiff was afforded his leave rights under the CFRA.

12. Summary judgment should be granted in favor of Defendant on the ground that Plaintiff cannot establish a *prima facie* case for failure to engage in the interactive process because, other than the leave rights he was afforded, Plaintiff did not request an accommodation and, as such, was not entitled to an accommodation.

## COUNT IV:
## Retaliation in Violation of FEHA

13. Summary judgment should be granted in favor of Defendant on the ground that Plaintiff cannot establish a *prima facie* case of retaliation because Plaintiff did not engage in a protected activity.

14. Summary judgment should be granted in favor of Defendant on the ground that Plaintiff cannot establish a *prima facie* case of retaliation because Plaintiff has failed to establish that he was terminated because of a protected activity.

## COUNT V:
## Failure to Maintain an Environment Free from
## Discrimination and Retaliation

15. Summary judgment should be granted in favor of Defendant on the ground that this claim is derivative of Plaintiff's disability discrimination and retaliation claims, which fail as a matter of law.

## COUNT VI:

## Interference with CFRA Rights

16. Summary judgment should be granted in favor of Defendant on the ground that Plaintiff was afforded his leave rights under the CFRA.

17. Summary judgment should be granted in favor of Defendant on the ground that Plaintiff did not request any additional CFRA leave and, as such, was not entitled to any additional CFRA leave.

18. Summary judgment should be granted in favor of Defendant on the ground that Plaintiff has failed to establish that he was terminated because he took CFRA leave.

## COUNT VII:

## Failure to Provide Meal and Rest Periods

19. Summary judgment should be granted in favor of Defendant on the ground that Plaintiff has failed to provide evidence that Defendant failed to satisfy California's rest break and meal period requirements.

20. Summary judgment should be granted in favor of Defendant on the ground that Defendant complied with California's rest break and meal period requirements.

## COUNT VIII:

## Failure to Pay Wages Pursuant to Labor Code §§ 1194 & 1197

21. Summary judgment should be granted in favor of Defendant on the ground that Plaintiff has failed to provide evidence that Defendant failed to pay him for any overtime hours worked.

22. Summary judgment should be granted in favor of Defendant on the ground that Defendant paid Plaintiff for all overtime worked by Plaintiff of which it was made aware.

## COUNT IX:

## Failure to Pay Wages Upon Discharge Pursuant to Labor Code §§ 201-203

23. Summary judgment should be granted in favor of Defendant on the ground that Plaintiff has failed provide evidence that Defendant failed to pay him all wages owing at the time of Plaintiff's termination.

24. Summary judgment should be granted in favor of Defendant on the ground that Defendant paid Plaintiff for all wages owed at the time of Plaintiff's termination.

## COUNT X:

## Failure to Provide Accurate Itemized Wage Statements Pursuant to Labor Code § 226

25. Summary judgment should be granted in favor of Defendant on the ground that this claim is time-barred by the applicable statute of limitation.

26. Summary judgment should be granted in favor of Defendant on the ground that Plaintiff has failed to provide evidence that Defendant failed to provide him with wage statements in compliance with Labor Code § 226.

27. Summary judgment should be granted in favor of Defendant on the ground that Plaintiff has failed to provide evidence that Defendant's failure to provide wage statements in compliance with Labor Code § 226 was knowing and intentional.

28. Summary judgment should be granted in favor of Defendant on the ground that Defendant provided Plaintiff with wage statements in compliance with Labor Code § 226.

## COUNT XI:

## Unfair Competition Pursuant to Business & Professions Code § 17200

29. Summary judgment should be granted in favor of Defendant on the ground that Plaintiff's claim under California Business & Professions Code § 17200 fails because Plaintiff cannot establish that Defendant violated any of the laws upon which the claim is based.

## COUNT XII:

## Wrongful Termination in Violation of Public Policy

30. Summary judgment should be granted in favor of Defendant on the ground that this claim is derivative of Plaintiff's disability discrimination and retaliation claims, which fail as a matter of law.

**ALTERNATIVELY**, if for any reason summary judgment is not granted, Defendant will move and hereby does move this Court, pursuant to Federal Rule of Civil Procedure 56(b) and (d), and Local Rule 56-4 of the United States District Court for the Central District of California, for an order granting partial summary judgment adjudicating that there is no genuine issue as to any material fact and/or no substantial controversy over any material fact as to each of the foregoing thirty (30) grounds and that the final judgment in this action shall, in addition to any matters determined at trial, award judgment as established by such adjudication. In addition to the thirty (30) grounds set forth above, Defendant moves for partial summary judgment on the following grounds:

1. Plaintiff cannot recover punitive damages against Defendant, as prayed for in his Complaint, since Plaintiff cannot establish that Defendant acted with the requisite malice, indifference or conscious disregard necessary to support an award of punitive damages.

2. Plaintiff cannot recover punitive damages against Defendant on the ground that Defendant made good-faith efforts to comply with federal and state law.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the declarations of Samantha C. Grant and Angela Deo, and the exhibits thereto, all of the pleadings and papers on file in this action, and any such evidence or arguments as may be presented to the Court at or prior to the time of hearing.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on January 11, 2017; January 16, 2017; and January 23, 2017.

DATED: January 30, 2017  MITCHELL SILBERBERG & KNUPP LLP

By:/s/ *Samantha C. Grant*
Samantha C. Grant
Attorneys for Defendants
WAL-MART STORES, INC. and
SAM'S CLUB