SAMANTHA C. GRANT (SBN 198130)
  scg@msk.com
KIRSTEN E. BASS (SBN 300205)
  keb@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA  90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendants

WAL-MART STORES, INC. and
SAM'S CLUB

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONIER VARGAS, an individual;<br><br>        Plaintiff,<br><br>    v.<br><br>WAL-MART STORES, INC.; SAM'S CLUB, entity form unknown; MARINA AGUILAR, an individual, and DOES 1 through 50, inclusive.<br><br>        Defendants. | CASE NO. 2:16-cv-02921 AB (AJWx)<br><br>Hon. André Birotte, Jr.<br><br>**DECLARATION OF ANGELA DEO IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT** |

# DECLARATION OF ANGELA DEO

I, ANGELA DEO, declare:

1. I have worked for Sam's Club as a Club Manager since October 8, 2011. I make this declaration in support of the motion for summary judgment of Defendant's Wal-Mart Stores, Inc. and Sam's Club (collectively "the Company"). I have personal knowledge of the foregoing and following facts and, if called and sworn as a witness, could and would competently testify thereto.

2. I am Club Manager for Sam's Club in El Monte, California and have served in this capacity since May 2014. Prior to that, I was the Club Manager at Sam's Club San Fernando, California location from October 8, 2011 to April 18, 2014.

3. Attached hereto as **Exhibit 1** is a true and correct copy of the Company's Discrimination and Harassment Prevention Policy that was updated on September 19, 2011 and in effect at the time of Mr. Vargas's termination.

4. In my role as a Club Manager, I have access to Company policies and the personnel files and records of the Company's employees. Those policies, files and records, which are maintained in the Company's regular course of business, include, among others, employee disciplinary records, wage history, performance evaluations, and attendance records.

5. The exhibits submitted with this declaration are from Company records that were made at or near the dates indicated on the records and kept in the ordinary course of business.

6. Attached hereto as **Exhibit 2** is a true and correct copy of the Company's California Meal and Rest Period Policy, which remained in effect through the time of his Mr. Vargas's termination.

7. The Company employs a California Break/Meal Period Exception Worksheet for documenting late or missed meal periods or rest breaks.

8. Attached hereto as **Exhibit 3** is a true and correct copy of all of the California Break/Meal Period Exception Worksheets in Mr. Vargas' file, which documented late or missed rest breaks or meal periods during his employment.

9. Attached hereto as **Exhibit 4** is a true and correct copy of Mr. Vargas's 2008 leave of absence request packet , which indicates that Mr. Vargas went on a medical leave of absence on or about October 17, 2008.  Attached hereto as **Exhibit 5** is a true and correct copy of Mr. Vargas's return to work note .

10. Attached hereto as **Exhibit 6** is a true and correct copy of the Company's Register Operator Accountability/Pink Slip Procedure Cash Handling Policy.  Attached hereto as **Exhibit 7** is true and correct copy of the July 19, 2010 Coaching for Improvement Policy.  Attached hereto as **Exhibit 8** is true and correct copy of the April 19, 2012 update to the Coaching for Improvement Policy.

1  11. Pursuant to the Cash Handling Policy, if an Associate has a register
2  accounting discrepancy of $100 or more, he or she may automatically advance to
3  the highest level of discipline – a Third Written Warning or "Automatic Decision
4  Making Day." Pursuant to the Coaching Policy, if an Associate's failure to
5  perform persists after receipt of a Third Written Warning, the Associate is subject
6  to immediate termination.

8  12. Attached hereto as **Exhibit 9** is a true and correct copy of Mr.
9  Vargas's September 14, 2010 First Written Warning for eight instances of his
10 register accounting being "over" or "short" in a 6-month time period (collectively
11 "Cash Variances").

13 13. Attached hereto as **Exhibit 10** is a true and correct copy of Mr.
14 Vargas's February 13, 2012 Second Written Warning for five Cash Variances
15 within a 6-month time period.

17 14. Attached hereto as **Exhibit 11** is a true and correct copy of Mr.
18 Vargas's January 21, 2013 Third Written Warning for a cash variance of $100.

20 15. On May 8, 2013, Plaintiff was terminated while on his Third Written
21 warning after Wal-Mart determined that he had had two additional Cash Variances,
22 both over $100. Attached hereto as **Exhibit 12** is Mr. Vargas' May 8, 2013
23 separation notice from his employment following a Cash Variance of $500.05 on
24 April 9, 2013 and a Cash Variance of $100.01 on April 13, 2013.

26 16. Separate and apart from being subject to immediate termination due to
27 his Third Written Warning, Plaintiff was also subject to termination under the Cash

Handling Policy due to the large amounts – over $100 – of each of the Cash Variances in April.

17. Attached hereto as **Exhibit 13** is a true and correct copy of Mr. Vargas' final wage statement.

18. Attached hereto as **Exhibit 14** is a true and correct copy of Mr. Vargas's October 2012 leave of absence request packet. Attached hereto as **Exhibit 15** is a true and correct copy of Mr. Vargas's November 15, 2012 return to work note.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed January 30, 2017, at El Monte, California.

_____
ANGELA DEO