1   SAMANTHA C. GRANT (SBN 198130)
      scg@msk.com
2   KIRSTEN E. BASS (SBN 300205)
      keb@msk.com
3   MITCHELL SILBERBERG & KNUPP LLP
    11377 West Olympic Boulevard
4   Los Angeles, CA 90064-1683
    Telephone: (310) 312-2000
5   Facsimile: (310) 312-3100

6   Attorneys for Defendants
    WAL-MART STORES, INC. and
7   SAM'S CLUB

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10  ONIER VARGAS, an individual;            CASE NO. 2:16-cv-02921 AB (AJWx)

11          Plaintiff,                      Hon. André Birotte, Jr.

12          v.                              **DEFENDANTS' REPLY BRIEF IN
                                            SUPPORT OF ITS MOTION FOR
13  WAL-MART STORES, INC.; SAM'S            SUMMARY JUDGMENT OR, IN
    CLUB, entity form unknown; MARINA       THE ALTERNATIVE, FOR
14  AGUILAR, an individual, and DOES 1      PARTIAL SUMMARY
    through 50, inclusive.                  JUDGMENT**
15
            Defendants.                     Hearing Date:  March 13, 2017
16                                          Time:          10:00 a.m.
                                            Location:      Courtroom 7B
17
                                            **[DEFENDANTS' REPLY
18                                          SEPARATE STATEMENT OF
                                            UNCONTROVERTED FACTS
19                                          AND CONCLUSIONS OF LAW;
                                            DEFENDANTS' REPLY TO
20                                          PLAINTIFF'S STATEMENT OF
                                            GENUINE ISSUES IN
21                                          OPPOSITION TO MOTION;
                                            SUPPLEMENTAL
22                                          DECLARATION OF KIRSTEN
                                            WILLIS; SUPPLEMENTAL
23                                          DECLARATION OF SAMANTHA
                                            C. GRANT FILED
24                                          CONCURRENTLY HEREWITH]**

25                                          Trial Date:     May 30, 2017
                                            Case Removed:   April 28, 2016
26

27

28

Mitchell
Silberberg &
Knupp LLP

8632496.4

                                1

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...................................................................................1

II.     LEGAL STANDARD ............................................................................1

III.    PLAINTIFF'S OPPOSITION IS SUBSTANTIVELY DEFICIENT
        AND FAILS TO RAISE A TRIABLE ISSUE OF MATERIAL FACT ........3

        A.      Plaintiff's claim for disability discrimination still fails. .......................3

                1.      Plaintiff was not disabled. ...........................................3

                2.      There is no triable issue regarding the fact that Plaintiff was
                        not qualified to perform the cash handling portion of his job
                        duties with or without an accommodation...................................4

                3.      Defendants have offered a legitimate, nondiscriminatory
                        reason for Plaintiff's termination...............................................4

                4.      Plaintiff has failed to establish pretext. .......................................6

        B.      Plaintiff's claim for failure to engage in the interactive process
                still fails. ...............................................................................8

        C.      Plaintiff's claim for failure to provide a reasonable
                accommodation still fails. .........................................................9

        D.      Plaintiff's claim for retaliation still fails. .............................................9

        E.      Plaintiff's derivative claims still fail. ..............................................10

                1.      Plaintiff's failure to prevent discrimination and retaliation
                        claims still fail..........................................................10

                2.      Plaintiff's wrongful termination claim still fails. ......................10

                3.      Plaintiff's California Family Rights Act claim still fails. ........10

                4.      Plaintiff's wage and hour claims still fail................................10

        F.      Plaintiff's has failed to plead facts that would warrant  punitive
                damages..............................................................................13

Mitchell
Silberberg &
Knupp LLP

8632496.4

**TABLE OF CONTENTS**
**(continued)**

Page

IV.   PLAINTIFF'S OPPOSITION IS PROCEDURALLY IMPROPER AND IT SHOULD BE STRICKEN IN ITS ENTIRETY ......................................13

    A.   Plaintiff's Opposition is untimely and should not be considered.......13

    B.   Plaintiff's Opposition is unsupported by evidence. ...........................14

    C.   Plaintiff's Opposition Exceeds The Allowable Page Limit...............15

V.   CONCLUSION ........................................................................................16

Mitchell
Silberberg &
Knupp LLP

8632496.4

# TABLE OF AUTHORITIES

Page(s)

### CASES

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) .................................................................. 1, 2

*Cambridge Elecs. Corp. v. MGA Elecs., Inc.*,
227 F.R.D. 313 (C.D. Cal. 2004)............................................2, 9, 11, 12

*Carmen v. San Francisco Unified Sch. Dist.*,
237 F.3d 1026 (9th Cir. 2001) .................................................... 14

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) ...................................................................... 1

*Cleveland v. Policy Mgmt. Sys. Corp.*,
526 U.S. 795 (1999) ...................................................................... 2

*Coleman v. Quaker Oats Co.*,
232 F.3d 1271 (9th Cir. 2000) ................................................ 11, 14

*EEOC v. UPS Supply Chain Solutions*,
620 F.3d 1103 (9th Cir. 2010) ...................................................... 8

*Far Out Products v. Oskar*,
247 F.3d 986 (9th Cir. 2001) ........................................................ 2

*Ferguson v. Walmart*,
No. CV 12-04434 RSWL (Ex), 2014 U.S. Dist. LEXIS 608 (C.D.
Cal. Jan. 2, 2014) .......................................................................... 8

*Giacoletto v. Amax Zinc Co.*,
954 F.2d 424 (7th Cir. 1992) ........................................................ 7

*Granillo v. Exide Technologies, Inc.*,
No. CV 10-1080 SJO FMOX, 2011 U.S. Dist. LEXIS 130669,
2011 WL 2535112 (C.D. Cal. May 20, 2011)............................... 8

*Haddock v. Countrywide Bank, NA*,
No. CV 14-6452 PSG, 2015 U.S. Dist. LEXIS 146291 (C.D. Cal.
Oct. 27, 2015) .............................................................................. 15

Mitchell
Silberberg &
Knupp LLP

8632496.4

i

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Jefferson v. Chase Home Fin.*,
  No. C 06-6510 TEH, 2008 U.S. Dist. LEXIS 101031 (N.D. Cal.
  Apr. 29, 2008) ................................................................................... 11, 14

*King v. United Parcel Serv., Inc.*,
  152 Cal. App. 4th 426 (2007) ...................................................................... 6

*Lackner v. North*,
  135 Cal. App. 4th 1188 (2006) ................................................................... 13

*McInteer v. Ashley Distrib. Servs.*,
  40 F. Supp. 3d 1269, 1288 (C.D. Cal. 2014) ............................................ 6, 7

*O'Connor v. Starbucks Corp.*,
  No. C 06-3706 VRW, 2008 U.S. Dist. LEXIS 53877 (N.D. Cal.
  July 14, 2008) ............................................................................................. 11

*Pacific Ins. Co. v. Kent*,
  120 F.Supp.2d 1205 (C.D. Cal. 2000) .......................................................... 2

*Pareto v. FDIC*,
  139 F.3d 696 (9th Cir. 1998) ........................................................................ 6

*Reyna v. Fore Golf Mgmt., Inc.*,
  No. SA CV 14-1818-DOC, 2015 U.S. Dist. LEXIS 26015, 2015
  WL 881390 (C.D. Cal. Mar. 2, 2015) ......................................................... 15

*Richmond v. Oneok*,
  120 F.3d 205 (10th Cir. 1997) ...................................................................... 8

*Thomasson v. GC Servs. L.P.*,
  2007 U . S. Dist. LEXIS 54693 ................................................................... 14

*Trulsson v. Cty. of San Joaquin DA's Office*,
  49 F. Supp. 3d 685, 694 (E.D. Cal. 2014) ................................................... 10

*Van Asdale v. International Game Technology*,
  577 F.3d 989 (9th Cir. 2009) ........................................................................ 2

Mitchell
Silberberg &
Knupp LLP

8632496.4

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Villalobos v. TWC Admin. LLC,*
No. 2:15-cv-02808-R-PLAx, 2016 U.S. Dist. LEXIS 21334 (C.D.
Cal. Feb. 16, 2016) ............................................................................................ 10

### OTHER AUTHORITIES

Department of Labor, Wage and Hour Division, Field Operations
Handbook
§ 30c12(b)(5) .................................................................................................... 12

Fed. R. Civ. P.
Rule 6 ................................................................................................................ 13
Rule 56 ................................................................................................................ 2
Rule 56(e) ............................................................................................................ 2

Local Rule
11-6 .................................................................................................................... 15
11-6 .................................................................................................................... 15
11-7 .................................................................................................................... 15
83-7 .................................................................................................................... 15

Mitchell
Silberberg &
Knupp LLP

8632496.4

iii

<u>**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR**</u>
<u>**SUMMARY JUDGMENT**</u>

**I.     INTRODUCTION**

Plaintiff's Opposition (the "Opposition) to the Motion for Summary Judgment, or in the Alternative, Summary Adjudication of Defendants Wal-Mart Stores, Inc. and Sam's Club (collectively, the "Company") is substantively unavailing and procedurally deficient.  Substantively, the Opposition fails to cite to any evidence to raise a triable issue of ***material*** fact—because there are none—and instead, seeks to discount the Company's credible evidence by alleging some type of conspiracy theory of the Company's alleged manufacturing of evidence without any proof whatsoever.[1]  Procedurally, the Opposition should be stricken because it is untimely, lacks evidentiary citations, and exceeds the allowable page limit. As such, and as will be discussed in detail below, the Company is entitled to summary judgment against all of Plaintiff's claims for relief.

**II.     LEGAL STANDARD**

The moving party, need only establish that the opposing party has insufficient evidence to prove each element of his claims.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-325 (1986).  If the moving party does so, the burden shifts to the party resisting the motion to "set forth <u>**specific**</u> facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  Unless the non-moving party sets forth a valid dispute, the facts recited by

---

[1] Plaintiff also again attacks the Company's outside counsel with false accusations. Contrary to Plaintiff's assertions, the Company's counsel has not violated their duty of candor to the Court.  As the deposition transcript reveals and as Plaintiff is well-aware, the Company's counsel's comments regarding "fixing" the deposition exhibits related (1) to removing a staple from two documents that were inadvertently stapled together, which she did at the conference room table; and (2) retrieving the original bates-labelled version of a document that had been enlarged for easy review at the deposition (the enlarged version did not have a bates label). Declaration of Samantha C. Grant ("Grant Decl."), ¶ 4.

1   the moving party are deemed undisputed.  *See Cambridge Elecs. Corp. v. MGA*

2   *Elecs., Inc*., 227 F.R.D. 313, 317 n.2 (C.D. Cal. 2004).  "[T]he mere existence of

3   some alleged factual dispute between the parties will not defeat an otherwise

4   properly supported motion for summary judgment; the requirement is that there be

5   no genuine issue of material fact."  *Id*. at 247-48. "Thus, in responding to

6   defendants' purportedly undisputed facts, plaintiff must set forth, by affidavit or

7   otherwise as provided in Rule 56, '**specific facts** showing that there is a genuine

8   issue for trial.'"  *Id*. at 250; Fed. R. Civ. P. 56(e) (emphasis added).

9       Plaintiff's conjecture and speculation are not adequate to raise a triable issue

10  for trial.  *Id*.  (holding that it is improper for a plaintiff's responses to a defendant's

11  separate statement to simply assert that plaintiff "does not have sufficient

12  knowledge to determine whether or not a fact is true.").  In addition, attacking the

13  Company's character will not create a genuine issue of material fact.  A party

14  opposing summary judgment may not simply question the credibility of the movant

15  to foreclose summary judgment."  *Far Out Products v. Oskar*, 247 F.3d 986, 997

16  (9th Cir. 2001) (affirming summary judgment where appellant's affidavits

17  submitted to defeat summary judgment were conclusory).

18      Furthermore, "a party cannot create an issue of fact by an affidavit

19  contradicting his prior deposition testimony."  *Van Asdale v. International Game*

20  *Technology*, 577 F.3d 989, 998 (9th Cir. 2009); *Pacific Ins. Co. v. Kent*, 120

21  F.Supp.2d 1205, 1213 (C.D. Cal. 2000) ("The 'general rule in the Ninth Circuit is

22  that a party cannot create an issue of fact by an affidavit contradicting his prior

23  deposition testimony'"); *see also Cleveland v. Policy Mgmt. Sys. Corp*., 526 U.S.

24  795, 806 (1999) ("The lower courts…have held with virtual unanimity that a party

25  cannot create a genuine issue of fact sufficient to survive summary judgment

26  simply by contradicting his or her own previous sworn statement (by, say, filing a

27  later affidavit that flatly contradicts that party's earlier sworn deposition) without

28  explaining the contradiction or attempting to resolve the disparity.").

## III.   PLAINTIFF'S OPPOSITION IS SUBSTANTIVELY DEFICIENT AND FAILS TO RAISE A TRIABLE ISSUE OF MATERIAL FACT

### A.   Plaintiff's claim for disability discrimination still fails.[2]

#### 1.   Plaintiff was not disabled.

Plaintiff tries to prove he is disabled by impermissibly contradicting his sworn deposition testimony.  Specifically, in his Opposition, he alleges that he was slow and guarded past the point of his termination.  Plaintiff previously testified, however, that by the time his physical therapy had concluded, he had regained his mobility and the only residual pain following his surgery was discomfort due to his surgical scar (which he treated by massaging the area with his thumb).  Defendants' Undisputed Material Facts and Conclusions of Law ("UDF") [32-34].  The cases cited by Plaintiff to prove he was disabled are inapposite.  Unlike the plaintiffs in those cases who were limited in their work activities and had medical restrictions, here, Plaintiff had no medical restrictions and contends that he was performing his job well without any accommodations.  [UDF 23, 35-36, 38, 42-44]; Plaintiff's Alleged Genuine Disputes of Material Facts ("AF") [50, 54, 211.]

---

[2] Plaintiff's attempt to raise an age discrimination claim in his Opposition for the firm time in this action is wholly improper and highly prejudicial to Defendants'.  Pursuant to the Court's September 7, 2016 Scheduling Order, the last day to amend the pleadings was December 20, 2016.  This is improper and highly prejudicial to Defendants, as they have been deprived of the ability to conduct discovery regarding this claim.  Courts regularly refuse to allow new theories in opposition to summary judgment where the defendant would suffer prejudice. *Jefferson v. Chase Home Fin.*, No. C 06-6510 TEH, 2008 U.S. Dist. LEXIS 101031, at *17 (N.D. Cal. Apr. 29, 2008); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000) (affirming the district court's refusal to allow a plaintiff who alleged disparate treatment age discrimination in the complaint to argue a disparate impact theory for the first time on summary judgment, noting that the new theory was asserted after the close of discovery, involved different burdens and defenses and would require defendant to develop "entirely different defenses."  To the extent the Court is willing to consider Plaintiff's newly raised age discrimination claim, Plaintiff has presented no evidence whatsoever that would support a prima facie case, including, but not limited to, evidence of individuals under 40 who were treated differently than he was.  Further, Plaintiff simply speculates about the ages of other cashiers.

Mitchell Silberberg & Knupp LLP

8632496.4

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

1   Therefore, it is clearly undisputed that Plaintiff was not disabled within the

2   meaning of FEHA.

3      **2.     There is no triable issue regarding the fact that Plaintiff was**

4             **not qualified to perform the cash handling portion of his job**

5             **duties with or without an accommodation.**

6      Plaintiff concedes that he received Pink Slips and Written Coachings for

7   cash register overages and shortages during his employment both before and after

8   his leaves of absence in 2008 and 2012.  [UDF 70]; [AF 14, 37-38, 43-44, 48, 50.]

9   It is also undisputed that Plaintiff returned from his 2012 LOA without restrictions

10  and that Plaintiff did not submit any requests for an accommodation following his

11  return to work from his second knee surgery.  [UDF 23, 32-34, 38.]  As such, there

12  is no accommodation that that would have aided Plaintiff in performing his job

13  duties.

14     **3.     Defendants have offered a legitimate, nondiscriminatory**

15            **reason for Plaintiff's termination.**

16     Even though Plaintiff is unable to establish a prima facie case for disability

17  discrimination, the Company has still articulated a legitimate, nondiscriminatory

18  reason for terminating Plaintiff.  [UDF 48-55.]  Plaintiff does not credibly dispute

19  that he was placed on a Third Written Warning on January 21, 2013 or that he had

20  a Cash Variances in April 2013 for $500.05.  [UDF 46-54]; [AF 50, 119.]  Further,

21  it is undisputed that Plaintiff was terminated on May 8, 2013 because the Company

22  determined that he had additional cash variances while he was on a Third Written

23  Warning.  [UDF 48-55]; [AF 119.]

24     Plaintiff appears to have a fundamental misunderstanding of the relevant

25  Cash Handling Policy and Coaching Policies, arguing that the Third Written

26  Warning was improper because Plaintiff's February 13, 2012 Second Written

27

28

1   Warning had expired.[3]  As an initial matter, it is undisputed that written coachings

2   are active for at least one year.[4]  Plaintiff's first written coaching (which used to be

3   called a verbal coaching) properly expired after one year.  Although Plaintiff's first

4   written coaching had expired prior to his receipt of the second written coaching,

5   Plaintiff received a second written coaching on February 13, 2012 because of the

6   $99.99 amount of his cash variance.  [UDF 50, 46, Ex. 6.]  Pursuant to the Cash

7   Handling Policy, when an employee has a Cash Variance of $50 to $99, he or she

8   will receive an automatic Second Written Warning.  [UDF 46, Ex. 6.]  When an

9   employee has a Cash Variance of $100 or more, he or she receives an automatic

10  Third Written Warning.  Plaintiff's Third Written Warning was properly issued on

11  January 21, 2013.  *See* [UDF 46, Exs. 7 & 8.]  A Third Written Warning was

12  warranted because he was still on an active second written warning and,

13  irrespective of Plaintiff's prior Second Written Warning, the January 2013 Cash

14  Variance was $100, which required an automatic third written warning.  [UDF 47,

15  _____

16  [3] Plaintiff also attempts to misdirect the Court's attention to Plaintiff's performance
    reviews, which are not relevant to his termination for violating the Cash Handling
17  Policy.  Also, the Company did not suppress any evidence.  The Company
    produced Plaintiff's personnel file as part of its initial disclosures, which also
18  happened to include Plaintiff's pre-2011 performance evaluations.  Beginning in
    2011, the performance evaluations for hourly associates were stored electronically
19  on the evaluation system.  Therefore, Plaintiff's 2011 and 2012 performance
    evaluations were located in a different place than his other performance
20  evaluations.  Plaintiff had access to them while he worked for the Company.
    Although Plaintiff claims that the Company has suppressed them, in fact, ***Plaintiff***
21  ***has not requested his 2011 and 2012 performance evaluations through a***
    ***document request or otherwise***.  Had he done so, the Company would have, of
22  course, provided copies to him.  Indeed, because they are apparently an issue to
    Plaintiff, the Company has voluntarily produced them without a document request
23  and even though they are not required to be produced as part of the Company's
    initial disclosures.
24  [4] Pursuant to the Coaching Policy, if an employee is on medical leave the one year
25  a coaching remains active is extended for the time the employee is on medical
    leave.  Plaintiff falsely claims that the Company has violated a duty of candor to
26  the Court because the declaration of Kirsten Willis does not state that the written
    warnings have a 12-month expiration period.  In making this false accusation,
27  Plaintiff ignores that the Company previously filed a copy of the actual policy with
    Angela Deo's declaration.

51.]  Based on the foregoing, it is undisputed that Plaintiff was issued a Third Written Warning in accordance with the Coaching Policy.  Although, Plaintiff claims not to have received the third written warning in January 2013, he signed the pink slip for the January 9, 2013 cash variance of $100 so he was clearly aware of the cash variance.  That he does not remember getting the third written warning is a red-herring.

However, even if the applicable policies had been incorrectly applied to Plaintiff, "[i]t is the employer's honest belief in the stated reasons for firing an employee and not the objective truth or falsity of the underlying facts that is at issue in a discrimination case."  *King v. United Parcel Serv., Inc.*, 152 Cal. App. 4th 426, 436 (2007); *McInteer v. Ashley Distrib. Servs*., 40 F. Supp. 3d 1269, 1288 (C.D. Cal. 2014) ("'[a]n employee in this situation cannot simply show the employer's decision was wrong, mistaken, or unwise,' he must show discrimination on the basis of disability or age.").  It is undisputed that Aguilar believed Plaintiff had the two additional Cash Variances for $500.05 and $100.01 while he was on a Third Written Warning.  [UDF 38, 53.].  Even though Plaintiff claims to be unaware of the $100.01 cash variance, that is irrelevant because the $500.05 was sufficient to cause his termination because he was on a third written warning and because of the amount of the variance.

### 4.     Plaintiff has failed to establish pretext.

Because Plaintiff cannot establish a triable issue of fact, he attempts to manufacture a dispute by alleging vague and unsupported conspiracy theories that are improperly presented as pretext.  His efforts are futile; conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss. *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998) (limiting review to the allegations of material facts set forth in the complaint).

Plaintiff alleges that his positive performance reviews demonstrate pretext. However, receipt of a positive performance review, award of a pay increase, or

receipt of recognition for service does not exempt an employee from disciplinary action if the employee later fails to perform.  The case law cited by Plaintiff does not support his proposition that discriminatory intent can be inferred from positive performance reviews followed by a termination.  *See Giacoletto v. Amax Zinc Co.*, 954 F.2d 424, 426 (7th Cir. 1992) (holding that a plaintiff can establish pretext through **direct evidence** that the employer's proffered justification is pretextual, such as a contradiction between the employer's proffered justification at trial and documentary evidence from the time of the decision.")

As is clearly indicated on the face of the performance reviews, the Company evaluates each employee in four different areas: (1)  Point-of- Sale; (2) Judgment: Make Effective Choices; (3) Member Centered: Serve the Member; and (4) Influence and Communication: Share Information.  *See* Libman Decl. Ex. 9.  Only the first area, 'Point-of-Sale', relates to cash handling.  *See id.*  Plaintiff's performance reviews are inapposite, there are many metrics by which an employee is measured and Defendants' do not dispute that Plaintiff excelled in many aspects of his role.  [AF Response No. 157.]  Unfortunately, as a Tobacco Cashier Associate, cash handling is an essential function and continued losses to the Company cannot be overlooked indefinitely simply because an employee is well-liked.  *See* [UDF 45.]  Plaintiff's transparent attempt to keep his disability discrimination claim alive based on an attenuated pretext argument fails in its entirety.

Plaintiff's attempt to establish a nexus through temporal proximity is equally unavailing.  Plaintiff returned from his 2012 on November 19, 2012.  [UDF 23.]  Plaintiff was terminated on May 8, 2013.  [UDF 53.]  That is significantly more than "a few short months," as Plaintiff alleges in his Opposition.  Opposition, 19:9-10.  Regardless, "temporal proximity" alone is not sufficient to raise a triable issue as to pretext once the employer has offered evidence of a legitimate, nondiscriminatory reason for the termination."  *McInteer v. Ashley*

*Distrib. Servs.*, 40 F. Supp. 3d 1269, 1287-88 (C.D. Cal. 2014).  To establish causality based on temporal proximity between an employer's knowledge of the protected activity and an adverse employment action, the temporal proximity must be very close. *Ferguson v. Walmart*, No. CV 12-04434 RSWL (Ex), 2014 U.S. Dist. LEXIS 608, at \*50 (C.D. Cal. Jan. 2, 2014); *Richmond v. Oneok*, 120 F.3d 205, 209 (10th Cir. 1997) (recognizing that three month period between the protected activity and the termination, standing alone, does not establish a causal connection)..

Plaintiff has provided no evidence, other than speculative assertions, to support his assertion that a trier of fact could find the timing of his termination discriminatory.  This is wholly insufficient.  *See Granillo v. Exide Technologies, Inc.*, No. CV 10-1080 SJO FMOX, 2011 U.S. Dist. LEXIS 130669, 2011 WL 2535112, at \*15 (C.D. Cal. May 20, 2011) (granting summary judgment for employer where employee argued that the timing of investigation into policy violations was "completely suspicious" given that employer was aware of them for over a year).

## B.   Plaintiff's claim for failure to engage in the interactive process still fails.

Plaintiff's opposition alleges that he was still ambulating slowly, was in pain and that Aguilar knew.  There is no evidence, however, that Aguilar knew that he was in pain.  [UDF 53, 83.]  Further, even if she knew he was moving slowly, that does not mean that she knew he was in pain or that he needed an accommodation. *See* [UDF 83.]Further, the undisputed facts clearly evidence that Plaintiff was released to return to work without restrictions.  [UDF 23.]  The undisputed facts also evidence that Plaintiff did not request any additional time off following his return to work nor did he request any workplace accommodations.  [UDF 35, 38.]. As such, Plaintiff cannot establish a prima facie case for failure to engage in the interactive process. *EEOC v. UPS Supply Chain Solutions*, 620 F.3d 1103, 1110

Mitchell
Silberberg &
Knupp LLP

8632496.4

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

1    (9th Cir. 2010) (an employer's duty to engage in the interactive process is triggered

2    by the employee's request for a reasonable accommodation).

3    **C.**     **Plaintiff's claim for failure to provide a reasonable**

4           **accommodation still fails.**

5           Plaintiff fails to establish that he was disabled so this claim fails.  In any

6    event, Plaintiff's physician determined that Plaintiff did not need any

7    accommodations to perform his job and returned him to work without restrictions.

8    [UDF 23.]Plaintiff repeatedly contends that, after he returned from the second knee

9    surgery, he was performing well other than moving more slowly.  [UDF 23, 33, 36,

10   38, 42-44]; [AF 24, 50, 54.]  He also contends that the Company did not require

11   him to work or to move quickly as part of his job.  [AF 125.]  He also does not

12   contend that he submitted an accommodation packet requesting any

13   accommodation.  [UDF 38-44].  Therefore, the Company was not required to

14   provide any accommodation for Plaintiff.

15   **D.**     **Plaintiff's claim for retaliation still fails.**

16          Plaintiff failed to address his retaliation claim in his Opposition; as such, all

17   of Defendants' facts relevant to this claim are undisputed.  *Cambridge Elecs. Corp.*

18   *v. MGA Elecs., Inc*., 227 F.R.D. 313, 317 n.2 (C.D. Cal. 2004) (ruling that, if

19   plaintiff fails to sets forth specific facts that raise a valid dispute, the facts recited

20   by the defendants in their Separate Statement of Uncontroverted Facts and Issues

21   of Law are undisputed).  It is undisputed that Plaintiff never made any complaint

22   about what he believed to be unlawful activity.  [UDF 28-30].  Moreover, he

23   concedes that he was unaware of any unlawful activity and had "nothing to report"

24   when he worked at the Company.  *Id.*  It is clear that Plaintiff cannot prove he

25   engaged in "protected activity."

26

27

28

Mitchell
Silberberg &
Knupp LLP

8632496.4

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**E.      Plaintiff's derivative claims still fail.**

      **1.      Plaintiff's failure to prevent discrimination and retaliation claims still fail.**

Actionable discrimination and retaliation are a necessary prerequisite to Plaintiff's fifth cause of action for failure to prevent discrimination and retaliation in violation of FEHA. *Trulsson v. Cty. of San Joaquin DA's Office*, 49 F. Supp. 3d 685, 694 (E.D. Cal. 2014). Because Plaintiff cannot show that he was subjected to unlawful discrimination or retaliation, his fifth claim fails as a matter of law.

      **2.      Plaintiff's wrongful termination claim still fails.**

Because Plaintiff's first and fourth claims for discrimination and retaliation fail, so too must Plaintiff's twelfth claim for wrongful termination in violation of public policy also fail. *Villalobos v. TWC Admin. LLC*, No. 2:15-cv-02808-R-PLAx, 2016 U.S. Dist. LEXIS 21334, at *12 (C.D. Cal. Feb. 16, 2016).

      **3.      Plaintiff's California Family Rights Act claim still fails.**

Plaintiff attempts to save his CFRA claim by belatedly contending that he was considering taking an additional six weeks leave. This purported fact does not save his claim. Thinking about taking a leave does not qualify as a CFRA-protected activity. Plaintiff concedes that no doctor told Plaintiff that he required any additional leave after he returned to work in November 2012, he did not tell any doctor that he needed any such leave, and he did not request any such additional leave. [UDF 35-36]. Plaintiff's eleventh hour claim that he was considering taking more leave does not create a triable issue of fact. Further, because Plaintiff was not entitled to leave additional leave pursuant to CFRA and never requested leave, he could not have suffered any adverse employment related to CFRA. Therefore, his CFRA claim fails.

      **4.      Plaintiff's wage and hour claims still fail.**

        **a.      Plaintiff Effectively Conceded His Meal Period and Rest Break Claims Have No Merit.**

1    Plaintiff's Opposition failed to address his meal period and rest break

2  claims; as such, all of Defendants' facts relevant to these claims are undisputed.

3  *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313, 317 n.2 (C.D. Cal.

4  2004) (ruling that, if plaintiff fails to sets forth specific facts that raise a valid

5  dispute, the facts recited by the defendants in their Separate Statement of

6  Uncontroverted Facts and Issues of Law are undisputed).  Based on the foregoing,

7  the Company is entitled to summary adjudication with respect to these claims.

8           b.    **Plaintiff's attempt to offer new theories in an effort to**

9                 **revive his baseless overtime claim is impermissible**

10                **and unavailing.**

11   Plaintiff does not address that he was paid for all the hours he worked for his

12  shifts at work, effectively conceding the Company owes him no overtime pay

13  related to the hours he performed work at the actual Sam's Club.  Plaintiff instead

14  attempts to revive his baseless overtime claim by contending that he is entitled to

15  overtime for maintaining his Company-issued vest, which he approximates took

16  one hour each week.  The Court should not allow Plaintiff to raise this new theory

17  for the first time to defeat summary judgment.  *See Jefferson v. Chase Home Fin.*,

18  No. C 06-6510 TEH, 2008 U.S. Dist. LEXIS 101031, at *17 (N.D. Cal. Apr. 29,

19  2008); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000)

20  (affirming the district court's refusal to allow a plaintiff to change his theory for the

21  first time on summary judgment to a new theory that involved different burdens

22  and defenses).

23   In any event, Plaintiff new theory does not save his baseless overtime claim

24  because a company may properly require an employee to wash and dry their

25  uniforms in their own washing machine and dryers.  *See O'Connor v. Starbucks*

26  *Corp.*, No. C 06-3706 VRW, 2008 U.S. Dist. LEXIS 53877, at *23-24 (N.D. Cal.

27  July 14, 2008) (citing IWC guidance explaining that employees can be asked to

28  maintain employer-furnished uniforms which require minimal time for care, for

Mitchell
Silberberg &
Knupp LLP

8632496.4

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

1  example, uniforms made of material requiring only washing and tumble or drip

2  drying).   Further, the Department of Labor, Field Operations Handbook,

3  specifically provides that "the time spent in washing uniforms will not be

4  considered hours worked for either [minimum wage] or [overtime] pay purposes."

5  Department of Labor, Wage and Hour Division, Field Operations Handbook §

6  30c12(b)(5).

7       Here, the Company policy provides that vests are to be washed and dried in

8  the employees' washer and dryer with other items and does not require any special

9  care. [AF 184.]  Therefore, Plaintiff was not entitled to compensation for washing

10  and drying his vest.  Although Plaintiff may have taken it upon himself to iron his

11  vest, the Company did not require him to do so—nor does he contend that he was

12  required to iron it.  *Id.*  Indeed, as Plaintiff knows, the Company policy provides

13  that vests need not be ironed and that any uniform requiring ironing should be

14  ironed by the Company's service and at the expense of the Company.  *See*

15  Supplemental Declaration of Kirsten Willis, Ex. 3.  Therefore, Plaintiff's overtime

16  claim still fails.

17              c.    **Plaintiff Effectively Concedes His Wage Statement**

18                      **Claim Is Time-Barred.**

19       Plaintiff's Opposition fails to address that his claim for failure to provide

20  itemized wage statements is time-barred.[5]  Therefore, all of the Company's facts

21  relevant to this claim are deemed undisputed.  *Cambridge Elecs. Corp Inc*., 227

22  F.R.D. at 317 n.2.  Based on the foregoing, the Company is entitled to summary

23  

_____

24  [5] Plaintiff again falsely claims that the Company has violated its duty of candor to

25  the Court by allegedly attempting to mislead the Court regarding the applicable
   statute of limitation.  Plaintiff's contention is again wrongheaded and simply

26  shows his misapprehension of the difference between the statutes of limitations for
   his underlying unpaid wage claims and overtime claims, which the Company does

27  not contend is time-barred, with the statute of limitations for his wage statement
   claim, which is unquestionably time-barred.

28

1   adjudication with respect to this claim.

2       **F.**    <u>**Plaintiff's has failed to plead facts that would warrant  punitive**</u>

3           <u>**damages.**</u>

4       Plaintiff's Opposition does not refute he concedes that no one at the

5   Company intentionally or maliciously tried to hurt him.  [UDF 64].  Indeed, none

6   of the facts described by Plaintiff, even if taken as true could be described as "so

7   vile, base, contemptible, miserable, wretched or loathsome that it would be looked

8   down upon and despised by ordinary decent people." *Lackner v. North*, 135 Cal.

9   App. 4th 1188, 1210 (2006).  As such, Defendants are entitled to summary

10   adjudication with respect to this issue.

11   **IV.**    **PLAINTIFF'S OPPOSITION IS PROCEDURALLY IMPROPER AND**

12          **IT SHOULD BE STRICKEN IN ITS ENTIRETY**

13       **A.**    <u>**Plaintiff's Opposition is untimely and should not be considered.**</u>

14       On February 3, 2017, the Court continued the MSJ hearing from February

15   27, 2017 to March 13, 2017 and ordered the opposition papers to be filed on

16   February 20, 2017 (the "Order").  ECF No. 49.  Despite the Court's express Order,

17   Plaintiff elected to misapply Federal Rule of Civil Procedure ("FRCP") 6 in order

18   to obtain additional time to prepare his opposition.  FRCP 6 does not, however,

19   apply when the court expressly orders  that documents be filed on a certain date

20   because no computation is required so the papers filed on February 21, 2017 were

21   a day late.  Further, Plaintiff did not file his "Corrected" Memorandum of Points

22   and Authorities (the "Second Opposition") until 10:28 a.m. on February 22, 2017.

23   ECF No. 60.  The Company was prejudiced by this late filing because it has been

24   deprived of a day and a half of the seven days afforded to it to prepare and file its

25   reply papers.  All of the other documents filed on February 22, 2017 are untimely,

26   even employing Plaintiff's misapplication of FRCP 6; as such, they should not be

27   considered.  See United States Central District of California Local Rule (the "Local

28

1    Rules") 7-12 ("the Court may decline to consider any memorandum or other

2    document not filed within the deadline set by order or local rule.).

3        **B.**    <u>**Plaintiff's Opposition is unsupported by evidence.**</u>[6]

4          Plaintiff's Opposition is almost entirely devoid of citations to supporting

5    evidence and/or references to Plaintiff's Separate Statement.  *See* Opposition,

6    _____.  Similarly, a significant portion of the "Additional Facts" asserted by

7    Plaintiff in his Separate Statement do not contain any citations or references to

8    supporting evidence.  *See* Plaintiff Separate Statement, Additional Facts ("AF"),

9    __.  The Ninth Circuit has held that courts are not required to "examine the entire

10   file for evidence establishing a genuine issue of fact, where the evidence is not set

11   forth in the opposition papers with adequate references so that it could be

12   conveniently found."  *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026,

13   1031 (9th Cir. 2001)).  The undue burden placed on the Court by Plaintiff's failure

14   to utilize citations warrants disregarding his Opposition in its entirety.[7]

15

16

17   _____

18   [6] Plaintiff's attempt to raise an age discrimination claim in his Opposition for the firm time in this action is wholly improper and highly prejudicial to the Company. Pursuant to the Court's September 7, 2016 Scheduling Order, the last day to amend

19   the pleadings was December 20, 2016. Courts regularly refuse to allow new theories in opposition to summary judgment where the defendant would suffer

20   prejudice. *Jefferson v. Chase Home Fin.*, No. C 06-6510 TEH, 2008 U.S. Dist. LEXIS 101031, at *17 (N.D. Cal. Apr. 29, 2008); *Coleman v. Quaker Oats Co.*,

21   232 F.3d 1271, 1292 (9th Cir. 2000) (affirming the district court's refusal to allow a plaintiff who alleged disparate treatment age discrimination in the complaint to

22   argue a disparate impact theory for the first time on summary judgment, noting that the new theory was asserted after the close of discovery, involved different burdens

23   and defenses and would require defendant to develop "entirely different defenses." To the extent the Court is willing to consider Plaintiff's newly raised age

24   discrimination claim, it still fails because Plaintiff has presented no evidence whatsoever that would support a prima facie case of age discrimination, including,

25   but not limited to, a lack of evidence of any individuals under 40 who was treated more favorably than he was.

26   [7] *See Thomasson v. GC Servs. L.P.*, 2007 U . S. Dist. LEXIS 54693 (holding that it

27   is clearly improper to require the Court to "scour the record in search of a genuine issue of triable fact.")

28

**C.** **Plaintiff's Opposition Exceeds The Allowable Page Limit.**

Plaintiff's memorandum of points and authorities exceeds the 25-page limit set forth in Local Rule 11-6 because pages numbered 1-5 prior to the tables of content and authorities contain argument and purported facts as do the pages numbered 1-25 after the tables of content and authorities.[8]  Plaintiff also admittedly violates Local Rule 11-6 and 11-7 by using his attorney's declaration to state matters not found in his brief in order to exceed the page limit and even goes as far as directing the court to the hearsay declaration to find the facts and details on which he is relying for his opposition.  *See* Opposition, Memorandum of Points and Authorities, Sections II(C); III; and IV (directing the Court to the declaration of Michael J. Libman "for details.").  Even more brazen is Plaintiff's inclusion of directive notes in the Exhibits, which also violates the Local Rules.  *See* Exhibit 11 to the Declaration of Michael J. Libman in support of Plaintiff's Opposition.  The Court should strike and refuse to consider any facts and argument not contained in the first 25 pages of Plaintiff's memorandum of points and authorities.[9]

---

[8] Plaintiff's contention that the Company filed two motions for summary judgment totaling 50-pages is erroneous.  The Company properly filed an Amended Memorandum of Points and Authorities and an Amended Separate Statement following the Court's continuance of the MSJ hearing in order to include testimony from Plaintiff's second Court-ordered deposition.  Plaintiff was still afforded the requisite 28-days' notice on the Company's amended moving papers.

[9] Under Local Rule 83-7, the Court may impose a sanction for violating a local rule that is appropriate under the circumstances.  *Haddock v. Countrywide Bank, NA*, No. CV 14-6452 PSG (FFMx), 2015 U.S. Dist. LEXIS 146291, at *17-18 (C.D. Cal. Oct. 27, 2015).  This can include striking the whole opposition.  *Id.* (holding that "the egregious nature of Plaintiff's conduct makes some form of sanction appropriate" because "Plaintiff did not simply fail to comply with Local Rule 11-6's page limitations, he blew it out of the water" and striking all pages over the page limit); *see Reyna v. Fore Golf Mgmt., Inc.*, No. SA CV 14-1818-DOC, 2015 U.S. Dist. LEXIS 26015, 2015 WL 881390, at *2 (C.D. Cal. Mar. 2, 2015) (noting that a court has discretion to strike documents for failure to comply with the local rules).

1

## V.    CONCLUSION

2        Defendants respectfully request that the Court grant summary judgment

3  against all of Plaintiff's claims for relief.

4  DATED: February 27, 2017            MITCHELL SILBERBERG & KNUPP LLP

5

6                                 By: /s/ Samantha C. Grant
                                      Samantha C. Grant
7                                     Attorneys for Defendants
                                      WAL-MART STORES, INC. and
8                                     SAM'S CLUB

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

8632496.4

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**